# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| THOMAS J. CAMPBELL, | : |
| Petitioner, | : Civ. No. 16-3086 (RBK) |
| v. | : |
| STATE OF NEW JERSEY, et al., | : **OPINION** |
| Respondents. | : |

**ROBERT B. KUGLER, U.S.D.J.**

## I. INTRODUCTION

Petitioner is a state prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Previously, this Court dismissed petitioner's habeas petition due to untimeliness. Presently pending before this Court is petitioner's motion for reconsideration of that dismissal order. For the following reasons, the motion for reconsideration will be denied.

## II. BACKGROUND

Petitioner's habeas petition challenged his state judgment and conviction for murder and attempted murder amongst other charges. On December 20, 2005, the Appellate Division affirmed the convictions, but vacated the sentence imposed on attempted murder. On February 6, 2006, the Superior Court resentenced petitioner on attempted murder. Petitioner appealed this resentence to the Appellate Division.

On February 16, 2006, petitioner's application for certification to the New Jersey Supreme Court arising from the December 20, 2005 Appellate Division decision was denied.

In March, 2006, petitioner filed a petition for post-conviction relief ("PCR") in the Superior Court. However, in May, 2006, the Superior Court denied the PCR petition without prejudice because petitioner's appeal from the resentencing was still pending.

On June 18, 2008, the Appellate Division affirmed petitioner's resentence. The New Jersey Supreme Court denied petitioner's request for certification on September 24, 2008.

Petitioner asserts that he filed his PCR petition on October 30, 2008. However, he did not attach such a petition to his filings. Instead, he attached several letters dated July 16, 2009, October 21, 2009 and June 28, 2010 respectively, whereby petitioner inquired into the status of his PCR petition. In the July 16, 2009 letter, petitioner wrote to the Justice Complex in Woodbury, New Jersey stating that he filed his PCR petition on October 30, 2008, but it was not mailed from the New Jersey State Prison until November 13, 2008. (*See* Dkt. No. 7 at p.12) Petitioner further stated in that letter that he was enclosing "a complete petition" and a "copy of the mail receipt." (*See id.*)

Petitioner addressed his October 21, 2009 letter to the Acting Deputy Public Defender. (*See id.* at p.13) In that letter, petitioner stated that he filed his PCR petition on October 30, 2008, but had not gotten any information that it had been received. (*See id.*) He requested that the public defender inquire into the issue. (*See id.*)

Finally, petitioner addressed his June 28, 2010 letter to the Superior Court of New Jersey, Gloucester County. (*See id.* at p.14) In that letter, petitioner again inquired into the status of his PCR petition that he stated was submitted to the Court on November 13, 2008. (*See id.*)

In February, 2012, petitioner then filed a PCR petition. That petition was denied on July 6, 2012. The Appellate Division affirmed the denial on October 21, 2014. The New Jersey Supreme Court denied certification on the October 29, 2015.

Petitioner filed his federal habeas petition on April 10, 2016. Respondents filed a motion to dismiss the habeas petition as untimely.

On February 3, 2017, this Court dismissed the habeas petition as untimely. This Court initially noted that the New Jersey Supreme Court denied certification on petitioner's direct appeal on September 23, 2008. As petitioner did not seek certiorari from the United States Supreme Court, his judgment became final ninety days thereafter, on December 23, 2008. His one-year statute of limitations period began to run then. However, he did not file his federal habeas petition until April, 2016, over seven years later. Thus, this Court noted that unless statutory or equitable tolling saved petitioner's habeas petition, it would be untimely. (*See* Dkt. No. 10 at p.5)

In rejecting statutory tolling, this Court stated as follows:

> The filing of a PCR petition may statutorily toll (*i.e.*, suspend) the running of the one-year habeas limitations period. See 28 U.S.C. § 2244(d)(2) ("The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."). A prisoner's application for state collateral review is "'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings[.]" *Jenkins v. Superintendent of Laurel Highlands*, 705 F.3d 80, 85 (3d Cir. 2013) (quoting *Artuz v. Bennett,* 531 U.S. 4, 8 (2000)).
>
> Mr. Campbell did not file his PCR petition until February, 2012, or more than three years after his judgment of conviction became final on December 23, 2008. Accordingly, when he filed his PCR petition, the one-year habeas limitations period had presumably already expired. Nevertheless, Mr. Campbell states that he filed his first PCR petition in October, 2008. However, he does not include a copy of any filing resembling a PCR petition that was filed in October, 2008. Furthermore, he provides no proof that he mailed such a document in October, 2008.
>
> State law determines when a PCR petition is "properly filed." *See Hamm v. Holmes*, No. 12-5337, 2015 WL 5679877, at *3 n.3

3

(D.N.J. Sept. 24, 2015) (citing *Pace v. DiGuglielmo,* 544 U.S. 408, 414 (2005); *Merritt v. Blaine,* 326 F.3d 157, 165 (3d Cir. 2003) (quoting *Fahy v. Horn,* 240 F.3d 239, 243–44 (3d Cir.2001))); *Garcia v. Bartkowski*, No. 11-3689, 2015 WL 857737, at *6 (D.N.J. Feb. 27, 2015) ("[T]he question of the proper filing of a state post-conviction relief application is a matter of state procedural law governing post-conviction filings[.]") (citations omitted). It appears as if the New Jersey Supreme Court has not determined whether to apply the prisoner mailbox rule to PCR petitions. *See Hamm*, 2015 WL 5679877, at *3 n.3 (noting that New Jersey Supreme Court has not decided whether prisoner mailbox rule applies to PCR petitions); *Garcia*, 2015 WL 857737, at *6 (same). However, even if the prisoner mailbox rule was applicable to the filing of petitioner's PCR petition in New Jersey, petitioner fails to establish that this Court should invoke such a rule to deem his purported October, 2008 filing as "properly filed." Indeed, in states like Pennsylvania, which do follow the prisoner mailbox rule for PCR petitions, "[or]dinarily, 'to avail himself of the prisoner mailbox rule, an incarcerated litigant must supply sufficient proof of the date of mailing.'" *Nichols v. Coleman*, No. 08-2445, 2010 WL 1053094, at *3 (E.D. Pa. Mar. 17, 2010) (quoting *Douglas v. Beard,* No. 00-4935, 2002 WL 550474, at *3 n.5 (E.D. Pa. Apr. 12, 2002) (quoting *Thomas v. Elash,* 781 A.2d 170, 177 (Pa. Super. Ct. 2001)), *aff'd,* 359 F.3d 257 (3d Cir.2004)). The record in this case provides no proof of actual mailing of that PCR petition in October, 2008 or thereabouts. Accordingly, even if the prisoner mailbox rule was applicable to Mr. Campbell's PCR petition under New Jersey law, he fails to provide sufficient proof that it should be applied in this case to make his PCR petition be deemed "properly filed" in October, 2008.

Additionally, if the prisoner mailbox rule does not apply to New Jersey PCR petitions, then Mr. Campbell also fails to show that this purported October, 2008 PCR petition was "properly filed" to warrant statutory tolling. There is no indication that such a document was ever delivered and accepted by the New Jersey Superior Court to start this statutory tolling period prior to a PCR petition being filed in February, 2012. Accordingly, petitioner fails to show statutory tolling saves his federal habeas petition even if the prisoner mailbox rule does not apply to New Jersey PCR petitions under New Jersey law as well.

A timely PCR petition filed during the one year period will suspend its running; it will not, however, revive a one year period that has already expired. *See Long v. Wilson*, 393 F.3d 390, 394-95 (3d Cir. 2004) ("The state habeas petition had no effect on tolling,

because an untimely state post-conviction petition is not properly filed for purposes of tolling and, in any event, the limitations period had already run when it was filed."); *see also Saunders v. Lamas*, No. 12-1123, 2013 WL 943351, at *5 (E.D. Pa. Feb. 3, 2013) (Statutory tolling inapplicable when PCR petition was filed after the expiration of AEDPA's one-year limitations period) (citing *Pace*, 544 U.S. 408), *report and recommendation adopted by*, 2013 WL 943356 (E.D. Pa. Mar. 11, 2013); *Shoatz v. DiGuglielmo* No 07-5424, 2011 WL 767397, at *1 n.2 (E.D. Pa. Feb. 25, 2011) ("[B]ecause all of petitioner's subsequent PCRA petitions were filed after his one-year limitation period expired ... none of these filings entitle petitioner to statutory tolling, regardless of their disposition."). Thus, when Mr. Campbell filed his first PCR petition in February, 2012, statutory tolling would not save his federal habeas petition from being considered untimely as his one-year federal habeas statute of limitations period had already expired.

(Dkt. No. 10 at p. 5-8 (footnote omitted)).

This Court also rejected an argument that equitable tolling would save the habeas petition by stating that:

> While not clear from his responses, Mr. Campbell may also be attempting to argue that he is entitled to equitable tolling. It is true that a petitioner may be able to overcome a time bar if he can show a basis for equitable tolling. "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace*, 544 U.S. at 418; *see also Jenkins*, 705 F.3d at 89. "There are no bright lines in determining whether equitable tolling is warranted in a given case." *See Pabon v. Mahanoy*, 654 F.3d 385, 399 (3d Cir. 2011). The Third Circuit has explained that "equitable tolling is appropriate when principles of equity would make rigid application of a limitation period unfair, but that a court should be sparing in its use of the doctrine." *Ross v. Varano*, 712 F.3d 784, 799 (3d Cir. 2013) (citing *Pabon*, 654 F.3d at 399; *Jones v. Morton*, 195 F.3d 153, 159 (3d Cir. 1999)).
>
> For equitable tolling to apply, the Third Circuit has required a showing of reasonable diligence:
>
>> The diligence required for equitable tolling purposes is reasonable diligence, not maximum,

> extreme, or exceptional diligence, [citing *Holland v. Florida*, 130 S. Ct. 2549, 2565 (2010)]. "This obligation does not pertain solely to the filing of the federal habeas petition, rather it is an obligation that exists during the period appellant is exhausting state court remedies as well." *LaCava v. Kyler*, 398 F.3d 271, 277 (3d Cir. 2005).... The fact that a petitioner is proceeding pro se does not insulate him from the 'reasonable diligence' inquiry and his lack of legal knowledge or legal training does not alone justify equitable tolling. *See Brown v. Shannon*, 322 F.3d 768, 774 (3d Cir. 2003).

*Ross*, 712 F.3d at 799. Extraordinary circumstances may be found where: (1) the petitioner has been actively misled; (2) the petitioner has in some extraordinary way been prevented from asserting his rights; or (3) where the petitioner has timely asserted his rights in the wrong forum. *See Fahy v. Horn*, 240 F.3d 239, 244 (3d Cir. 2001) (citing *Jones*, 195 F.3d at 159). However, "[i]n non-capital cases, attorney error, miscalculation, inadequate research, or other mistakes have not been found to rise to the 'extraordinary' circumstances required for equitable tolling." *Id.* (citations omitted).

Mr. Campbell's conviction became final in December, 2008. Mr. Campbell states that he filed his PCR petition in October, 2008. However, such a document was not included in the record, nor, as previously described, is there any record that such a document was ever in fact filed. The gap of over thirty-nine months between when Mr. Campbell states, without any corresponding proof, that he filed a PCR petition, and when his PCR petition was actually filed, indicates a lack of reasonable diligence on Mr. Campbell's part. *See LaCava*, 398 F.3d at 277 ("[W]e nonetheless conclude that LaCava did not exercise the requisite due diligence by allowing more than twenty-one months to lapse from the filing of his petition for allowance of appeal until he inquired with the Pennsylvania Supreme Court's Prothonotary's Office as to its status."); *Howard v. Kerestes*, No. 14-1234, 2016 WL 3455372, at *3 (W.D. Pa. May 26, 2016) (failure to explain twenty-two month period where petitioner did not inquire into status of appeal indicates lack of due diligence); *United States v. Andrews*, Crim. No. 92-671-8, 2014 WL 11495081, at *4 (E.D. Pa. Apr. 23, 2014) (collecting cases that hold that lack of inquiry by petitioner into pending matters constitutes lack of due diligence and holding that failure to take action on pending motion for three to four year period constitutes lack of due diligence). It is true that Mr.

> Campbell includes in the record several letters he purportedly
> mailed, two in 2009 and one in 2010, which inquired into the status
> of his PCR petition. However, there is no indication that Mr.
> Campbell ever received any response to these letters that his PCR
> petition was in fact filed in October, 2008. Furthermore, Mr.
> Campbell waited over eighteen months between the date of his last
> letter inquiring into his purported October, 2008 PCR petition
> (June, 28, 2010), and filing an actual PCR petition (February,
> 2012). This eighteen-month period where petitioner purportedly
> did nothing despite having never received any response to his
> purported PCR filing also indicates a lack of reasonable diligence.
> *See LaCava*, 398 F.3d at 277; *see also Satterfield v. Johnson*, 434
> F.3d 185, 196 (3d Cir. 2006) (waiting eight months after dismissal
> of PCR petition to file federal habeas petition shows a lack of
> diligence on petitioner's part). Therefore, equitable tolling also
> does not save Mr. Campbell's federal habeas petition.

(Dkt. No. 10 at p.8-10) Accordingly, this Court dismissed the habeas petition as untimely as neither statutory nor equitable tolling saved the petition.

Thereafter, petitioner filed a motion for reconsideration. Petitioner submits his prisoner trust account statement that indicates that he purchased postage on October 30, 2008. (*See* Dkt. No. 12 at p.7) Additionally, he includes a certified mail receipt made out the Criminal Case Manager's Gloucester County Justice Complex. However, the date of this receipt is illegible. Accordingly, petitioner's motion for reconsideration appears premised on his argument that statutory tolling should apply from October 30, 2008 to when the New Jersey Supreme Court denied certification on his PCR petition on October 29, 2015. If statutory tolling were applied to this period, then petitioner's April, 2016 federal habeas filing would be timely.

### III. STANDARD OF REVIEW

Motions for reconsideration are filed pursuant to Federal Rule of Civil Procedure 59(e) and are governed by Local Civil Rule 7.1(i) which allows a party to seek reconsideration by the Court in matters in which the party believes the judge has "overlooked." *See Carney v. Pennsauken Twp. Police Dep't*, No. 11–7366, 2013 WL 4501454, at *1 (D.N.J. Aug. 21, 2013)

7

(citations omitted). "The standard for reargument is high and reconsideration is to be granted only sparingly." *Yarrell v. Bartkowski*, No. 10–5337, 2012 WL 1600316, at *3 (D.N.J. May 7, 2012) (citing *United States v. Jones*, 158 F.R.D. 309, 314 (D.N.J. 1994)). To be successful on a motion for reconsideration, a petitioner has the burden to demonstrate: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [issued its order]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Café ex rel. Lou–Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999) (citation omitted); *see also Berry v. Jacobs IMC, LLC*, 99 F. App'x 405, 410 (3d Cir. 2004).

## IV. DISCUSSION

Petitioner does not rely on an intervening change in controlling law to support his motion for reconsideration. Furthermore, while he presents new evidence to this Court in the form of the prisoner trust account statement and the certified mail receipt, he does not allege that these pieces of evidence were not available to him when this Court dismissed his habeas petition in February, 2013. *See Blystone v. Horn*, 664 F.3d 397, 415-16 (3d Cir. 2011) ("[N]ew evidence in this context means evidence that a party could not earlier submit to the court because that evidence was not previously available."). Therefore, to grant his motion for reconsideration, petitioner must show that there is a need to correct a clear error or to prevent manifest injustice.

This Court finds that petitioner's motion for reconsideration falls short of making a "clear error" showing. It does not appear that the United States Court of Appeals has expressly defined what constitutes "clear error" on a motion for reconsideration. However, as one District Court in this Circuit has noted:

> Although "clear error of law" has not been expressly defined by
> the United States Court of Appeals for the Third Circuit, other

8

> United States Courts of Appeals and District Courts across the United States agree that its definition—at least in the context of a Rule 59(e) Motion—"should conform to a very exacting standard." *See*, *i.e., Hopwood v. Texas,* 236 F.3d 256, 272 (5th Cir. 2000); *Oneida Indian Nation of New York v. County of Oneida,* 214 F.R.D. 83, 98 (N.D.N.Y. 2003); *Lightfoot v. District of Columbia,* 355 F.Supp.2d 414, 422 (D.D.C. 2005); and *Esparaza v. Telerx Marketing,* case no. EP–04–CA–0241–FM, 2005 WL 1514046 (W.D. Tex. June 21, 2005). In one case, when determining if a final judgment was clearly erroneous, the United States Court of Appeals for the Seventh Circuit defined clear error as a judgment which is simply "dead wrong." *Parts & Elec. Motors, Inc. v. Sterling Elec., Inc.,* 866 F.2d 228, 233 (7th Cir. 1988).

*Bancroft Life & Cas. v. Lo*, No. 12-1431, 2013 WL 1063864, at *2 (W.D. Pa. Mar. 14, 2013) (footnote omitted).

In this case, petitioner attached his prisoner account statement along with a certified mail receipt in support arguing that this Court's prior decision was clearly erroneous. The prisoner account statement indicates that petitioner paid for postage on October 30, 2008. However, it gives no indication that this postage was for petitioner's PCR petition. The certified mail receipt does indicate that something was mailed to the "Criminal Case Manager's" at the Gloucester County Justice Complex. (*See* Dkt. No. 12 at p.11) However, it is not clear from petitioner's filing when this was mailed as the date of delivery stamp is illegible. Furthermore, even if this receipt indicates a mailing on October 30, 2008, there is no indication what was inside this mailing. Petitioner has not come forward with any copy of a PCR petition dated from around this time. Accordingly, this Court cannot say that its February 3, 2008 opinion finding the habeas petition was untimely was clear error.[1]

---

[1] Additionally, as noted in the prior opinion, it is not clear whether the New Jersey state courts apply the prisoner mailbox rule to PCR petitions. If the prisoner mailbox rule does not apply to PCR petitions in New Jersey, petitioner's assertion that he mailed a PCR petition to the state court on October 30, 2008 would not statutorily toll the statute of limitations to file his federal habeas petition. It would not be "properly filed" because it was never delivered and accepted by

9

This Court has also not found a precise manifest injustice definition on a motion for reconsideration from either the United States Supreme Court or the Third Circuit. *See Teri Woods Publ'g, L.L.C. v. Williams*, No. 12-4854, 2013 WL 6388560, at *2 (E.D. Pa. Dec. 6, 2013) ("The . . . Third Circuit has not definitively circumscribed the 'manifest injustice' standard.") (citing *Conway v. A.I. Dupont Hosp. for Children*, No. 04-4862, 2009 WL 1492178, at *6 (E.D. Pa. May 26, 2009)). Nevertheless, Courts within this Circuit provide insight as to how this Court should define the contours of what does and does not constitute manifest injustice. One court has stated:

> There is no judicial consensus regarding the meaning of the term "manifestly unjust" as it pertains to a Rule 59(e) motion, but several courts have applied the Black's Law Dictionary definition, which states that "manifest injustice" is "an error in the trial court that is direct, obvious, and observable, such as a defendant's guilty plea that is involuntary or that is based on a plea agreement that the prosecution rescinds." *Conway,* 2009 WL 1492178, at *6 n. 8 (citation omitted); *accord Brown v. Zickefoose,* 2011 WL 5007829, at *2 n. 3 (D.N.J. Oct. 18, 2011); *Tri–State Truck Ins., Ltd. v. First Nat'l Bank of Wamego,* 2011 WL 4691933, at *3 (D. Kan. Oct. 6, 2011). A party may only be granted reconsideration based on manifest injustice if the error is "apparent to the point of being indisputable." *Tri–State Truck Ins.,* 2011 WL 4691933, at *3 (quoting *Shirlington Limousine Transp. Inc. v. U.S.* 78 Fed. Cl. 27, 31 (2007)). In order for a court to reconsider a decision due to 'manifest injustice,' the record presented must be "so patently unfair and tainted that the error is manifestly clear to all who view [it.]" *Conway,* 2009 WL 1492178, at *6 n. 8 (citation omitted).

*In re Roemmele*, 466 B.R. 706, 712 (Bankr. E.D. Pa. 2012). Furthermore, in deciding a motion for reconsideration under the manifest injustice standard, this Court is guided by the principle that "it is not the job of courts deciding motion for reconsideration to rescue parties from their strategic litigation choices . . . (nor) rescue parties from their own errors." *Conway*, 2009 WL

---

the state court. Nevertheless, for the reasons discussed above, even if the prisoner mailbox rule does apply to PCR petitions in New Jersey, petitioner still fails to show that he is entitled to statutory tolling.

1492178, at *7; *see also Johnson v. Diamond State Port Corp.*, 50 F. App'x 554, 560 (3d Cir. 2002) (error by party in not timely submitting affidavit was not manifest injustice because counsel's carelessness was solely responsible); *Teri Woods Publ'g*, 2013 WL 6388560, at *3 (no manifest injustice where decision not to enter default against defendants was either a strategic choice or an error on the part of the plaintiffs); *In re Dreyfus Mt. Funds Fee Litig.*, No. 04-0128, 2006 WL 1699443, at *2 (W.D. Pa. June 20, 2006) (no manifest injustice shown where plaintiff made decision not to file a motion for leave to amend either through mistake, ignorance or tactical maneuvering). Indeed, relying on several cases from the United States Court of Appeals for the District of Columbia, the Eastern District of Pennsylvania has noted that "outcome-determinative litigation mistakes that were easily avoidable cannot be invoked by the party who made the mistakes to establish a manifest injustice under Rule 59." *Conway*, 2009 WL 1492178, at *8 (citing *Ciralsky v. CIA*, 355 F.3d 661, 673 (D.C. Cir. 2004); *Fox v. Am. Airlines, Inc.*, 389 F.3d 1291, 1296 (D.C. Cir. 2004) (remaining citation omitted)).

Petitioner fails to show manifest injustice in this case. The record in dismissing petitioner's habeas petition due to untimeliness is not so unfair and tainted that it is manifestly unjust to all who see it. Indeed, as described above, petitioner has never come forward with any copy of a PCR petition that is dated October, 2008. Given this lack of evidence provided by petitioner, he fails to show that the untimeliness decision was manifestly unjust. Accordingly, his motion for reconsideration will be denied.

## V. CERTIFICATE OF APPEALABILITY

This Court denied petitioner a certificate of appealability in dismissing his habeas petition initially. Furthermore, for the reasons stated in this opinion, petitioner is not entitled to reconsideration because the evidence that petitioner includes in his motion for reconsideration is

not "new evidence" that was previously unavailable and petitioner fails to show that the denial of his habeas petition constituted clear error or was manifestly unjust. Nevertheless, this Court will now grant petitioner a certificate of appealability on the issue of the timeliness of his habeas petition as the issue "deserves encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotation marks and citation omitted).

## VI.   CONCLUSION

Petitioner's motion for reconsideration will be denied but this Court will grant a certificate of appealability on the issue of timeliness. An appropriate order will be entered.


DATED:  November  21, 2017                                              _s/Robert B. Kugler
                                                                                               ROBERT B. KUGLER
                                                                                               United States District Judge